**[Cite as *State v. Savage*, 2022-Ohio-4107.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220131 |
| | | TRIAL NO. B-1700608 |
| Respondent-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| EDDIE SAVAGE, | : | |
| Petitioner-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 18, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Respondent-Appellee,

*Eddie Savage*, pro se.

**BOCK, Judge**.

{¶1} Petitioner-appellant Eddie Savage appeals the Hamilton County Common Pleas Court's judgment dismissing his motion for "Delayed Postconviction" for lack of jurisdiction. We affirm the court's judgment.

**Procedural History**

{¶2} In July 2018, following a jury trial, Savage was convicted of the aggravated robbery, with gun specifications, of a Boost Mobile store. He was sentenced to an aggregate prison term of 14 years. His convictions and sentences were affirmed on direct appeal. *See State v. Savage*, 1st Dist. Hamilton No. C-180413, 2019-Ohio-4859, *appeal not allowed*, 158 Ohio St.3d 1424, 2020-Ohio-647, 140 N.E.3d 743. In that appeal, Savage had argued, in his third assignment of error, that he was denied a fair trial due to prosecutorial misconduct. Savage claimed that the prosecutor had misstated the evidence during closing argument when she said that Boost Mobile packaging had been found in the truck that Savage had rented. We overruled this assignment, concluding that the prosecutor had not misstated the evidence where photographs of Boost Mobile packaging found in Savage's truck had been admitted into evidence during the trial. *Id.* at ¶ 29.

{¶3} In November 2020, Savage filed a "Motion for Delayed Postconviction" in the common pleas court, and in February 2022, he amended this petition with a document entitled "2nd Amendment to Delayed Postconviction." In his petition, Savage contends that he was denied a fair trial and the effective assistance of counsel when his trial counsel, the prosecutor, and a police detective allegedly conspired to replace photographs of the original paperwork found in Savage's truck with photographs of Boost Mobile packaging. To support his postconviction claims, he points to the police detective's trial testimony related to the admission of the photographs and notes that the detective did not use the phrase "Boost Mobile

packaging." He also points to the photographs that had been admitted at trial to demonstrate that they do not contain "paperwork."

**{¶4}** The court dismissed Savage's postconviction petition as untimely. Savage now appeals, challenging, in a single assignment of error, the common pleas court's dismissal of his amended petition for postconviction relief under the postconviction statutes. *See* R.C. 2953.21 et seq.

### No Jurisdiction To Entertain the Petition

**{¶5}** Savage concedes that his November 2020 petition and its amendment were filed outside the time prescribed by R.C. 2953.21(A)(2). But a common pleas court may entertain a late postconviction petition if the petition satisfies the jurisdictional requirements of R.C. 2953.23. The petitioner must show either that the petitioner was unavoidably prevented from discovering the facts upon which the postconviction claims depend, or that the postconviction claims are predicated upon a new and retrospectively applicable right recognized by the United States Supreme Court since the time for filing the petition had expired. R.C. 2953.23(A)(1)(a). And the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b). If the petitioner does not satisfy those jurisdictional requirements, the petition is subject to dismissal without a hearing. *See* R.C. 2953.21(D) and (F) and 2953.23(A).

**{¶6}** Here, Savage has not satisfied those jurisdictional requirements. Savage has not argued that his postconviction claims are based on a new right recognized by the United States Supreme Court, and he has not demonstrated that he was unavoidably prevented from discovering the photographs and the trial testimony upon which he now relies to support his postconviction claims. Although he contends that

3

he was just recently able to review the photographs admitted at trial, Savage had access to these photographs before and at his trial as well as during his direct appeal.

{¶7}     Because Savage has not demonstrated that the common pleas court had jurisdiction to consider his postconviction petition under R.C. 2953.23, the   court properly dismissed his petition and its amendment.  Accordingly, we overrule Savage's single assignment of error and affirm the common pleas court's judgment.

Judgment affirmed.

**MYERS, P.J.**, and **WINKLER, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.